No. 26-3445 / 26-3446 / 26-1483

IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

U.S.C.A. — 7th Circuit
RECEIVED
NOV 25 2026

MYA BATTON, et. al., Plaintiff-Appellees
v.
RE/MAX LLC, et. al, Defendant-Appellee

No. 26-3446, APPEAL OF: SHIYANG HUANG, Proposed Intervenor-Appellant,

and

MYA BATTON, et. al., Plaintiff-Appellees
v.
RE/MAX LLC, et. al, Defendant-Appellee

No. 26-3445, APPEAL OF: ADAM WOODBURN, Movant-Appellant,

and

JAMES TUCCORI, et. al., Plaintiff-Appellees
v.
AT WORLD PROPERTIES, LLC, et. al., Defendants-Appellees

No. 26-1483, APPEAL OF: AARON BOLTON, Proposed Intervenor-Appellant.

On Appeals from the United States District Court
for the Northern District Court of Illinois, Eastern Division,
Case No. 1:21-cv-430, The Honorable LaShonda A. Hunt, Presiding
Case No. 1:24-cv-150, The Honorable Lindsay C. Jenkins, Presiding

# Motion to Consolidate Appeals

SHIYANG HUANG
2813 SW ROTHER RD.
TOPEKA, KS 66614
(314) 669-1858
DEFECTIVESETTLEMENT@GMAIL.COM

# APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No: 26-3446

Short Caption: .Batton v. National Association of Realtors

To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

☐ **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1) The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

Shiyang Huang (pro se)

(2) The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

n/a

(3) If the party, amicus or intervenor is a corporation:

i) Identify all its parent corporations, if any; and

ii) list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

(4) Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

(5) Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

---

Attorney's Signature: /s/ Shiyang Huang (pro se) Date: 11/24/2026

Attorney's Printed Name:

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d). **Yes** ☒ **No** ☐

Address: 2813 SW Rother Rd., Topeka, KS 66614

Phone Number: 314-669-1858 Fax Number:

E-Mail Address: defectivesettlement@gmail.com

**MOTION TO CONSOLIDATE APPEALS[1]**

Proposed Intervenor-Appellant Shiyang Huang[2] respectfully moves to consolidate two related appeals in this Court with his appeal, (1) *Batton v. National Association of Realtors,* appeal of Adam Woodburn (No. 26-3445)—appealed on the same day as Huang, arising from the same hearing, same orders, and the same district court case, *Batton v. National Association of Realtors,* No. 21-cv-430 (N.D. Ill.) ("*Batton*"), and (2) *Tuccori v. At World Properties LLC,* Appeal of Aaron Bolton, No. 26-1483 ("*Bolton*"), where *all* three appeals involve Bolton (as appellant in *Bolton* and as an appellee in Huang and Woodburn's appeals), arising from the same *Batton* case and *Tuccori v. At World Properties, LLC,* No. 24-cv-150 (N.D. Ill.) (Jenkins, J.) ("*Tuccori*") real-estate class actions, where Huang and Bolton's appeals both involve deciding Rule 24 intervention motions as related to Rule 23(e) settlement approval proceedings.

Huang has requested positions for all counsels of record in the Bolton and Woodburn appeals. Batton Plaintiffs, Bolton and Keller Williams stated they do not oppose consolidating Huang's appeal with Woodburn's, but do oppose consolidating Huang and Bolton's Rule 23-and-Rule 24 appeals. No other parties stated their positions.

---

[1] While Huang's filing fee appears unpaid, it was caused by a system glitch related to Huang's district court CM/ECF account. Huang will promptly submit the fee to the district court. Huang files this motion early as his CM/ECF access remains in progress.

[2] While Huang is unrepresented, Huang has already *twice* presented oral arguments in the Fifth and Eleventh Circuits, involving complex Article III and Rule 23 issues in class-action cases. Huang's recent Fifth Circuit appeal was recently argued in October 2026, after the panel (Elrod, C.J., and Richman, Ramirez, JJ.) granted Huang permission to argue his appeal with co-appellant Iowa's Solicitor General, with a former Ninth Circuit Chief Judge Alex Kozinski filing an amicus brief supporting both appellants (Huang and Iowa). *Corrente v. Charles Schwab Corp.,* No. 25-40774 (5th Cir.); *In re Equifax Inc., Cust. Data Sec. Breach Litig.,* 999 F.3d 1247 (11th Cir. 2021) (Huang presented oral argument with co-appellants' counsel Theodore H. Frank and Eric Alan Isaacson)

**1. Huang and Woodburn appeals, Nos. 26-3445/26-3446.** While Bolton was intervening in *Tuccori*, he and the *Batton* plaintiffs were also settling cases against Defendants Keller Williams and RE/MAX LLC. The settlements were approved after *Batton* plaintiffs executed a "direct notice" program that included 268,860 email addresses with 54% deliverability reported, and notice administrator is still "preparing the Email Notice for the supplemental dataset" (consisting of 7.5 million potential class member emails besides earlier overlaps), more than *thirty days* after Rule 23(e) objection deadline expired. *Batton,* D. Ct. Dkt. 348-1, ¶¶ 5-6, 12-13.

Nevertheless, Huang and Woodburn both timely filed Rule 59(e) motions to reconsider *Rule 23(e) settlement approval* after the court granted approvals of the $28.5 million settlements with a total of $14.5 million (50.8%) for *Batton* counsel as attorney's fees, expenses, or future litigation expenses. Huang filed a *Rule 24(a) motion to intervene* as Bolton did, and the motion to intervene was denied before Huang appealed. Notably, Huang moved *after* settlement approval, but Bolton did *before* settlement approval.

Woodburn argued that the Keller Williams settlement disadvantaged a subset of class that did not release claims in a Missouri MDL.[3] Huang argued that *Batton* plaintiffs overcharged the class in attorney's fees, and their "one-third" fee proposal failed the "net of expenses," "market mimicking" fee standards, plus legal research costs are not recoverable. The district court held a hearing on both motions, and in an oral ruling, the court denied both motions with a minute entry, before Huang and Woodburn appealed.

---

[3] *Burnett v. Nat'l Ass'n of Realtors,* 2024 WL 2842222, at **12-13 (W.D. Mo. May 9, 2024), *aff'd,* 187 F.4th 1051, 1063 (8th Cir. 2026), *mandate issued,* Nos. 24-3444/24-3450 (8th Cir. Oct. 2, 2026); *aff'd,* 2026 WL 2719085 (8th Cir. Sept. 15, 2026), *mandate issued,* No. 24-2143 (8th Cir. Oct. 6, 2026).

**2. *Bolton* appeal, No. 26-1483.** After *Tuccori* plaintiffs reached settlements, Bolton *moved to intervene under Rule 24* in *Tuccori*. Judge Jenkins denied intervention, stating that Bolton can instead object in the *Rule 23(e) settlement-approval process*. Bolton appealed that denial in No. 26-1483. Shortly thereafter, Bolton moved to consolidate it with his parallel appeal from *Batton* (No. 26-1644) under Fed. R. App. P. 3(b)(2). Bolton argued that both appeals would "consider the relationship between a Rule 23(e) objection, Rule 24 intervention," and a "failure to consolidate risks the creation of potentially conflicting precedent—or at least precedent that may be perceived as conflicting by class-action litigants in Seventh Circuit district courts." *Bolton* Dkt. 16-1 at 5 (Bolton's motion). This Court agreed to consolidate his appeals, before Bolton later dismissed one of them. *Bolton* Dkt. 20, Dkt. 30.

**ARGUMENT**

Upon the filing of "timely notices of appeal, the appeals may be joined or consolidated by the court of appeals." Fed. R. App. P. 3(b)(2). "The circuit court has discretion to consolidate appeals if it deems it appropriate and if it concludes that consolidation will serve the interests of justice . . . ." 20 Moore's Federal Practice - Civil § 303.41. Consolidation is appropriate where it "might save the parties time and expense and possibly lighten the labors of the circuit court." *Id.* This Court has "consolidate[d]" appeals that involve "overlapping" or "parallel" class actions. *Blair v. Equifax Check Servs., Inc.,* 181 F.3d 832, 839 (7th Cir. 1999); *accord Alcarez v. Akorn, Inc.,* 99 F.4th 368, 372 (7th Cir. 2024) (consolidated "five of the six suits [that] had been filed as class actions"); *Reynolds v. Beneficial Nat. Bank,* 288 F.3d 277, 279, 282 (7th Cir. 2002). This

Court consolidated *Bolton's* appeals arising from *Batton* and *Tuccori* cases, *Bolton* Dkt. 20, and in more distant cases; *Redman v. RadioShack Corp.,* 768 F.3d 622, 639 (7th Cir. 2014) (consolidating two FACTA cases even though '[t]he willfulness issue in *Shoe Carnival* is different from that in *RadioShack*."); *Spano v. The Boeing Co.,* 633 F.3d 574, 577 (7th Cir. 2011) (main issues in "these cases are the same in all material respects.")

The fact that Bolton is either an appellant or an appellee in all 3 cases favors consolidation. Consolidating and/or coordinating these appeals can yield substantial judicial efficiency and allow a single panel to evaluate its Rule 24 decisions and "consider the relationship between a Rule 23(e) objection, Rule 24 intervention," while the lack of consolidation "risks the creation of potentially conflicting precedent—or at least precedent that may be perceived as conflicting by class-action litigants in Seventh Circuit district courts." *Bolton* Dkt. 16-1 at 5 (Bolton's motion); Dkt. 20 (consolidation granted).

All three appeals arose from real estate class-action settlements, the same *Batton* and *Tuccori* class actions, and touch upon interrelated legal issues around Rule 23(e), Rule 24 and/or Rule 59(e). It will be inefficient for multiple panels to read into the same *Batton* proceedings (all 3), Rule 59(e) motions of Rule 23(e) approval (Huang/Woodburn), and the intersection of Rule 23(e) and Rule 24 proceedings (Huang/Bolton). This Court can consolidate all three cases or otherwise streamline these appeals so that this Court gains the efficiency from consolidation, coordination or assignment to the same panel, even if this Court elects not to formally consolidate them.

Huang and Bolton's appeals both interact with Rules 23 and 24, and their appeals' distinctions—before settlement approval vs. after settlement approval—*will actually help*

*better* "consider the relationship between a Rule 23(e) objection, Rule 24 intervention," and a "failure to consolidate risks the creation of potentially conflicting precedent—or at least precedent that may be perceived as conflicting by class-action litigants in Seventh Circuit district courts." *Bolton* Dkt. 16-1 at 5. Huang echoes Bolton's rationales for consolidations as long as it benefits this Court. The fact that *Bolton*'s appeal has completed the briefings after many delays[4] does not materially impact consolidation.[5]

## CONCLUSION

The Court may (1) consolidate Huang's appeal with Woodburn's appeal, (2) consolidate Huang's appeal with Bolton's appeal, (3) consolidate Huang, Woodburn, and Bolton's appeals for joint disposition, or (4) assign Huang, Woodburn and Bolton's appeals to one merits panel to achieve the coordination for efficient use of the Court's precious judicial resources.

Date: November 25, 2026

Respectfully Submitted,

/s/Shiyang Huang
Shiyang Huang
2813 SW Rother Rd.
Topeka, KS 66614
defectivesettlement@gmail.com

*Appellant Shiyang Huang*

[4] Appellant Bolton received 30-day extensions for both opening and reply briefs and requested more extensions as well. *See Bolton* Dkts. 16, 20, 85.

[5] The *Tuccori* district court ordered briefings that parties must file by December 14, 2026. Thus it is virtually impossible for the *Tuccori* court to even decide whether to approve the class-action settlement until 2027, if jurisdiction may be a factor impacting Bolton's own appeal as appellant.

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limitations of Fed. R. App. P. 27(d)(2)(A) because it contains 1,424 words, excluding sections exempted by Fed. R. App. P. 32(f). This document complies with 7th Cir. R. 32(c) and Fed. R. App. P. 32(a)(5)-(6), 27(d)(1)(E) because this brief was prepared in 12-point Charter font using Microsoft Word 2007.

/s/Shiyang Huang
Shiyang Huang

## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2026, I filed the foregoing with the Clerk of the United States Court of Appeals for the Seventh Circuit.

All parties in each case will also receive a copy of this motion via email, in addition to Huang's docketing statement, which Huang has sent during conferral.

/s/Shiyang Huang